IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY RANKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-3775 |
| ) | Judge Sharon Johnson Coleman |
| SYSTEMS SOLUTIONS OF ) | |
| KENTUCKY and ALLIED POWER ) | |
| PRODUCTS, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of an injury plaintiff Rankins suffered while working at a DHL facility at O'Hare Airport. Plaintiff sued defendants Lummus Corporation ("Lummus") and Systems Solutions of Kentucky ("SSK") for negligence and strict products liability, claiming that SSK negligently designed the system that injured plaintiff and that Lummus directed SSK. Defendant Lummus moves for summary judgment [152]. For the reasons set forth below, the motion is granted.

**I. Background**

Plaintiff was a ramp worker at a DHL facility in O'Hare Airport. In February 2018, the manager of the DHL facility asked SSK about options for moving heavy loads. DHL contracted SSK to design a winch system to move the loads and SSK installed the system in July 2018. SSK trained certain DHL workers on how to operate this system, but not plaintiff. SSK also did not place any warnings or tape in the facility to physically show employees where they cannot stand while the winch is in operation. Plaintiff was not trained on how to operate the winch, was not told where he should or should not stand while the winch system was in operation, nor was plaintiff provided the owner's manual for the winch. On August 6, 2018, plaintiff was injured while working

1

at the facility. According to the record, a DHL employee left a floor lock in the winch system engaged, which caused a lock to break and hit plaintiff in the leg. An ambulance took plaintiff to a nearby hospital, where his injuries were treated.

Lummus and SSK became connected when Lummus acquired SSK, an LLC with a principal place of business in Kentucky. Lummus was SSK's sole member until SSK filed for bankruptcy in March 2020. SSK had its own headquarters and employees, but many of these employees and executives also worked for Lummus. As a single-member LLC, Lummus had authority to manage SSK's business and filed consolidated tax returns with SSK. Lummus would periodically "sweep" SSK's accounts to pay off loans SSK had taken through Lummus from CIBC. Conversely, Lummus would advance money to SSK from the CIBC loan if SSK needed cash for operations.

In 2018 and 2019, most of SSK's revenue was from SSK's contracts with UPS. Some UPS invoices were sold to JP Morgan under Lummus's management. From 2017 to 2020, various executives shared the same roles at both Lummus and SSK. For example, both companies had the same CFOs in 2017 through 2020; the same CEOs in 2018 and prior; and the same head of HR in 2018. Both companies had a centralized accounting system for employees' health insurance, property insurance, and other common expenses. Both companies also shared services such as human resources, purchasing, and procurement. Plaintiff filed this case alleging negligence and strict product liability against defendants.[1] Before the Court is Lummus's motion for summary judgment.

## II.    Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a);

---

[1] The case was originally filed in Cook County, but defendant Allied Power Products, Inc. removed it to this district. Defendants Allied Power Products, Inc. and U.S. Nut & Bolt have been dismissed from the case. SSK also filed a third-party complaint against DHL, which the Court dismissed pursuant to a finding of good-faith settlement between Rankins and DHL.

*see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

### III. Analysis

Lummus argues that summary judgment should be granted because Lummus and SSK are separate entities and Lummus cannot be held responsible for SSK's actions. Lummus claims that plaintiff cannot pierce the corporate veil to hold Lummus accountable. To determine whether the corporate veil can be pierced, the Court must look to the law of the state of incorporation (here, Kentucky law). *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 379 (7th Cir. 2008). Under Kentucky law, the corporate veil can be pierced when plaintiff proves (1) domination of the corporation resulting in loss of corporate separateness **and** (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice. *Inter-Tel Technologies, Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 155 (Ky. 2012).

As to the first element of corporate separateness, courts evaluate several factors: (1) inadequate capitalization; (2) failure to issue stock; (3) failure to observe corporate formalities; (4) nonpayment of dividends; (5) insolvency of the debtor corporation; (6) nonfunctioning of the other officers or directors; (7) absence of corporate records; (8) commingling of funds; (9) diversion of assets from the corporation by or to a stockholder or other person or entity to the detriment of creditors; (10) failure to maintain arm's-length relationships among related entities; and (11) whether,

3

in fact, the corporation is a mere façade for the operation of the dominant stockholders. *Id.* at 165. Plaintiff points to evidence suggesting Lummus and SSK are not truly separate corporations. Both companies share many of the same key executives (such as CFOs and CEOs). Dkt. 184, Defendant's Response to Plaintiff's Statement of Facts, pg. 5-7. Both companies have centralized accounting systems and shared services such as human resources, purchasing, and procurement. *Id.* at 7-9. Lummus controlled SSK's daily operations and capital. *Id.* at 1-4, 10. This evidence is enough to create a genuine issue of material fact as to whether Lummus dominated SSK to an extent resulting in the loss of corporate separateness.

But establishing an issue of fact as to the first element is not enough. Plaintiff must also address the second element and show how continued corporate recognition would subject the plaintiff to unjust loss. *See Riggs Guns, Inc. v. Underwood*, No. 2017-CA-000468-MR, 2018 WL 6434517, at *2 (Ky. Ct. App. Dec. 7, 2018). Plaintiff provides no evidence or even argument on the second element. Plaintiff does not articulate a single way in which continued recognition of the corporation would sanction fraud or promote injustice, let alone point to any evidence of such. Plaintiff does not even need to provide evidence of actual fraud, but he must show the Court how protecting the corporate veil would promote an injustice "beyond the mere inability to collect a debt from the corporation." *Tavadia v. Mitchell*, 564 S.W.3d 322, 329 (Ky. Ct. App. 2018). Plaintiff has not attempted to do so in any way. Since plaintiff has failed to address the second element, he has waived any position on it. Lummus's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Date: 10/26/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4