IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY RANKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-3775 |
| ) | Judge Sharon Johnson Coleman |
| SYSTEMS SOLUTIONS OF ) | |
| KENTUCKY and ALLIED POWER ) | |
| PRODUCTS, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of an injury plaintiff Rankins suffered while working at a DHL facility at O'Hare Airport. Plaintiff sued defendants Lummus Corporation ("Lummus") and Systems Solutions of Kentucky ("SSK") for negligence and strict products liability, claiming that SSK negligently designed the system that injured plaintiff and that Lummus directed SSK. Plaintiff moves for summary judgment on Lummus and SSK's affirmative defenses [150]. For the reasons set forth below, the motion is granted in part and denied in part.

**I.  Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a

1

properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

## II. Analysis

The Court incorporates the facts as set forth in its order [215] granting Lummus' motion for summary judgment. Since the Court granted defendant Lummus' motion for summary judgment, plaintiff's motion for summary judgment on Lummus' affirmative defenses is moot. The Court must still evaluate plaintiff's motion for summary judgment on and motion to strike defendant SSK's (hereafter, "defendant") affirmative defenses of contributory negligence, assumption of risk, failure to mitigate, intervening/superseding cause, sole proximate cause, and set-off.[1]

First, Illinois does not recognize contributory negligence as an affirmative defense. *See Kun Mook Lee v. Young Rok Lee*, 2019 IL App (2d) 180923, 149 N.E.3d 551. It does, however, recognize a theory of modified comparative negligence. Under this standard, the plaintiff cannot recover damages if he is more than 50% of the proximate cause of the damage. *Id.* at ¶31. Defendant's arguments assume the prior contributory negligence standard of whether the plaintiff used degree of care an ordinary person would have used. Still, defendant presents enough evidence to create an issue of material fact as to plaintiff's negligence under the modified comparative negligence standard. Plaintiff fails to cite to the record in support of his own arguments, vaguely referring to "a review of the facts" and "undisputed" facts without pointing the Court to specific evidence. Fatally, plaintiff also failed to respond to defendant's statement of additional facts in which the defendant asserted that plaintiff deliberately chose an unsafe way to perform his job and knew the danger of a snapping winch cable. *See* Defendants' Statement of Additional Facts, Dkt. 165, at ¶¶64-68. Under L.R. 56.1(a), an opposing party's additional facts that are adequately supported with citations to the

---

[1] As discussed on the record, the Court construes plaintiff's motion for summary judgment on the affirmative defenses of intervening cause/superseding cause, sole proximate cause, and set-off as, more properly, a motion to strike.

record will be deemed admitted for the purposes of the summary judgment motion if the moving party does not respond. *See Brown v. Navarro*, No. 09 C 3814, 2012 WL 1986586, at *2-3 (N.D. Ill. June 4, 2012) (Kendall, J.). Because defendant cites to specific testimony in support of its additional facts and plaintiff did not respond, those facts are deemed admitted for this motion. Plaintiff's knowledge of danger posed by a snapping winch cable and deliberate choice to act in an unsafe manner is enough to create an issue of fact as to whether plaintiff was more than 50% of the proximate cause of his injury.

Second, plaintiff is not entitled to summary judgment on the assumption of risk affirmative defense for similar reasons. Illinois courts have traditionally recognized three different categories of assumption of risk (although here, neither party has distinguished between these categories): (1) express assumption of risk; (2) primary implied assumption of risk; and (3) secondary implied assumption of risk. *Evans v. Lima Lima Flight Team, Inc.*, 373 Ill. App. 3d 407, 418, 869 N.E.2d 195, 206 (1st Dist. 2007). Express assumption of risk is when an individual has explicitly agreed to relieve another from their legal duty. *Id.* Primary implied assumption of risk occurs when an individual knew of the risk that caused their injury. *Id.* Like contributory negligence, secondary implied assumption of risk occurs when the injured party voluntarily chose to encounter an apparent danger and has been abrogated pursuant to Illinois' adoption of comparative fault. *Id.* Defendant does not argue that plaintiff expressly assumed the risk. Rather, defendant's arguments appear to focus on secondary implied assumption of risk, which Illinois no longer recognizes, and primary implied assumption of risk. As discussed above, the facts deemed admitted by the Court **create** an issue of material fact as to whether plaintiff knew of the risk posed by the snapping cable.

Third, plaintiff is also not entitled to summary judgment on the failure to mitigate affirmative defense. The Court has been given extremely limited evidence on the extent of plaintiff's injuries and information that would be relevant for a failure to mitigate claim. As is par

for the course in this case, both parties have left the Court to sift through the three full binders of exhibits without much guidance. Regardless, the Court must do what it can with what it is given. The burden first lies with the movant and shifts to the defendant only after the movant has presented a properly supported summary judgment motion. *Anderson*, 477 U.S. at 255. Here, plaintiff does not meet his burden. Plaintiff again fails to cite to the record or point to any specific evidence. Plaintiff's only "factual" statement is to suggest that plaintiff was transported to the hospital, underwent multiple surgeries, and continued to receive treatment for several months. But this statement is not supported by the facts; plaintiff's statement of facts only states that after the injury, plaintiff's supervisor called an ambulance and that plaintiff was treated at Lutheran General. *See* Defendant's Response to Plaintiff's Statement of Facts, Dkt. 165, at ¶¶58-59. Because plaintiff has failed to meet his initial burden on summary judgment, the Court must deny the motion as it relates to the failure to mitigate claim.

Fourth, plaintiff argues that intervening/superseding cause and sole proximate cause are not proper affirmative defenses as they merely attack the sufficiency of plaintiff's claims. *See Korando v. Uniroyal Goodrich Tire Co.,* 159 Ill. 2d 335, 344, 637 N.E.2d 1020, 1025 (1994). An affirmative defense is a defense that "gives color to [plaintiff's] claim but asserts new matter which defeats an apparent right in the plaintiff." *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶ 25, 13 N.E.3d 350, 359. *Korando* explicitly stated that claims regarding lack of proximate cause do *not* assert a new matter to defeat plaintiff's claim. *Korando*, 159 Ill. 2d at 344. As such, defenses based on lack of proximate cause (i.e. intervening cause and sole proximate cause) are not proper affirmative defenses. Defendant argues that *Korando* is distinguishable because it involved defendants that did not plead a proximate cause affirmative defense and that it stands for the proposition that defendants do not need to plead lack of proximate cause to raise it as a defense at trial. The Court agrees that the *Korando* stands for such a proposition, but it also stands for the proposition that a

4

lack of proximate cause is not an affirmative defense. These two findings are not incompatible. Further, defendant does not cite to any cases to support its position that lack of proximate cause is an affirmative defense. Defendant may be correct that DHL's conduct was a partial cause of plaintiff's injury, but it cannot use an affirmative defense to prove as such. The Court strikes intervening/superseding cause and sole proximate cause as improper affirmative defenses.

Finally, plaintiff moves to strike the set-off affirmative defense. Defendant's response is exceedingly brief and cites no case law. Defendant merely claims that it has a right of recovery under the Illinois Joint Tortfeasor Act. While defendant may have such a right of recovery, set-off is not a proper affirmative defense. It does not assert a new matter which defeats plaintiff's claims. Defendant may argue set-off more properly at the damages stage.

### III. Conclusion

Plaintiff's motion for summary judgment and motion to strike affirmative defenses is granted in part and denied in part. A genuine issue of fact exists as to contributory negligence, assumption of risk, and failure to mitigate. The remaining defenses of sole proximate cause, intervening/superseding cause, and set-off are stricken.

**IT IS SO ORDERED.**

Date: 11/19/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge